UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

Case No._____-CV

Bryanna Lott,

Plaintiff (s)                                    **Jury Trial Demanded**

vs.

General Motors Financial Company, Inc.,

Defendant (s)
_____/

FILED BY NA D.C.
OCT 07 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

# COMPLAINT AND DEMAND FOR JURY

## INTRODUCTION

1. This is an action for actual, punitive, and statutory damages brought by Plaintiff Bryanna Lott an individual consumer (hereinafter "Plaintiff"), against Defendant, General Motors Financial Company, Inc. (hereinafter "Defendant"), for violations of the Fair Credit Reporting Act 15 U.S.C § 1681 et seq. (hereinafter "FCRA") as defendant willfully failed to conduct a reasonable Investigation.

## JURISDICTION AND VENUE

2. The court has jurisdiction under 15 U.S.C § 1681p, and 28 U.S.C§ 1331. The venue in this District is proper as Defendant transacts business in Florida and Plaintiff lives in the Southern District of Florida.

## PARTIES

3. Plaintiff is a natural person residing in the Southern District of Florida. Plaintiff is a consumer "Individual" as defined by the Fair Credit Reporting Act, 15 U.S.C.§1681a (c).

4. Defendant is a "furnisher" as defined by 15 U.S.C.§1681a (b).

5. Upon information and belief, Defendant's principal place of business is 801 Cherry Street Suite 3600 Fort Worth, TX 76102-6855.

## FACTS OF THE COMPLAINT

6. On or around July 2, 2020, Plaintiff incurred a financial obligation for an alleged auto loan with Defendant in the amount of $20,885.61 from a transaction in which money, property, insurance, or service which are the subject of the transaction are primarily for personal, family and household purposes.

7. On or around August 28, 2024, Plaintiff submitted a dispute letter to Experian due to the inaccurate information and payment history furnished by Defendant.

8. Defendant failed to report to Experian payments made from January 2022, to August 2022, September 2022, October 2022, November 2022, December 2022, March 2022, July 2023, and August 2023. **(See Exhibit A)**

9. Defendant also reported to Experian inaccurate payment amounts made by Plaintiff. On November 2022, Plaintiff paid $1,425.00 to Defendant, yet Defendant reported to Experian $475.00 was paid, again on January 2023 Plaintiff paid 674.59 to Defendant, yet Defendant reported to Experian $1,172.00 was paid, another time on October 2023 Plaintiff paid $954.18 to Defendant, yet Defendant reported to Experian $474.00 was paid, yet another time on November 2023 Plaintiff paid $479.59 to Defendant, yet Defendant reported to Experian $474.00 was paid furthermore, On March 2024, Plaintiff paid 474.59 to Defendant, yet Defendant reported to Experian $250.00 was paid, and once more on April 2024 Plaintiff paid $250.00 to Defendant, yet Defendant reported to Experian $224.00 was paid. **(See Exhibit A - B )**

10. Furthermore, Defendant failed to report the accurate and truthful dates payments were made by Plaintiff. Plaintiff made a payment on April 26, 2023, yet Defendant reported to Experian that the payment was made on March 29, 2023. Again, Plaintiff made a payment on July 13, 2023, yet Defendant reported to Experian that the payment was made on May 24, 2023. Another time, Plaintiff made a payment on October 25, 2023, yet Defendant reported to Experian that the payment was made on August 30, 2023. Lastly, Plaintiff made a payment on April 26, 2024, once more, Defendant reported to Experian that the payment was made on March 29, 2024. **(See Exhibit A- B)**

11. The account balances reported to Experian by Defendant are inaccurate and misleading. Defendant failed to report to Experian the account balances from January 2022 to August 2022, furthermore, in September 2022, the true account balance was $18,900.25, yet Defendant reported $19,322 to Experian, again in October 2022, no account balance was reported, another time in November 2022, the true account balance was $18,813.46, but Defendant reported

$19,322 to Experian. Another time, in December 2022, the true account balance was $18,798.48, yet Defendant reported $19,171 to Experian, again in January 2023, the true account balance was $18,276.48, yet Defendant reported $18,278 to Experian. **( See Exhibit A, C1, C2, C3, C4 & C5)**

12. Furthermore, in February 2023, the true account balance was $18,051.73, but Defendant reported $17,795 to Experian. In March 2023, the true account balance was $17,795.09, but Defendant reported $18,047 to Experian. In April 2023, the true account balance was 17,616.39, still, Defendant reported $17,840 to Experian. In May 2023, the true account balance was $17,383.02, yet Defendant reported $17,146 to Experian. In June 2023, the true account balance was $17,146.46 still, the Defendant reported $17,406 to Experian. **(See Exhibit A, D1, D2, D3, D4, & D5)**

13. Additionally, Defendant reported inaccurate and misleading account balances in August 2023, the true account balance was $17,146.46, but Defendant reported $17,621 moreover, the September balance is not reported entirely. Furthermore, in October 2023, the true account balance was $17,146.46, but Defendant reported $17,290 to Experian. In November 2023, the true account balance was $16,891.27 however, the defendant reported $17,073 to Experian. In December 2023, the true balance was $16,891.27, but Defendant reported $16,644. **(See Exhibit A, E1, E2, E3, E4 & E5)**

14. Notwithstanding, Defendant continues to report inaccurate and misleading information. In January 2024, the true account balance was $16,636.67. However, Defendant reported $16,621 to Experian. In February 2024, the true account balance was $16,187.92, but Defendant reported $15,918 to Experian. Another time, in March 2024, the true account balance was $15,918.64, but Defendant reported $15,893 to Experian. Additionally, in April 2024, the true account balance was $15,707.3, but Defendant reported $15,906 to Experian. Once more, in May 2024, the true account balance was $15,671.86, but Defendant reported $15,410 to Experian. Further, in June 2024, the true account balance was $15,387.18, but Defendant reported $15,417 to Experian. Lastly, in July 2024, the true account balance was $16,636.67, but Defendant reported $15,166 to Experian. **(See Exhibit A, F1, F2, F3, F4, F5, F6 & F7)**

15. Upon information and belief, Experian forwarded a notice of dispute and all relevant information regarding the FCRA dispute letter to Defendant within five business days of receipt of same, as required by the FCRA.

16. On or around September 17, 2024, Plaintiff received the dispute results from Experian, in which Defendant verified inaccurate information.

17. Following Defendant's thirty (30) day FCRA investigation period, Defendant failed to modify or delete the inaccurate information, Payment history was and continues to be inaccurate. **( See Exhibit A)**

18. Upon information and belief, Defendant either failed to perform any investigation entirely or performed unreasonable investigation(s) and erroneously verified the inaccurate account as accurate.

19. Defendant failed to review all relevant information provided by Plaintiff in Plaintiff's dispute, as required by and in violation of 15 U.S.C. § 1681s-2(b), respectively.

20. Defendant upon receipt of Plaintiff's dispute, failed to conduct an investigation or reinvestigation with respect to the disputed information as required by 15 U.S.C. § 1681s-2(b), respectively.

21. Had the Defendant performed reasonable investigation(s), the account at issue would have been modified to reflect the correct balances, payments made, and the correct dates the payments were made.

22. Due to the Defendant's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681s2(b), respectively.

23. Defendant continued inaccurate, misleading, and derogatory reporting was knowing and willful, in light of their knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

## PLAINTIFF'S DAMAGES

24. Defendant continued inaccurate, misleading, and derogatory reporting, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging the inaccurate reporting, damage to Plaintiff's creditworthiness, and emotional distress.

25. As a result of Defendant's conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to a decreased credit score; decreased creditworthiness and credit capacity; wrongly inflated liabilities; emotional, mental pain due to the anxiety, time wasted, and stress of the negative credit impact of the errors at issue despite taking steps to resolve it; and the dissemination of this inaccurate reporting to Experian.

## COUNT I

### Furnisher Defendant's Violations of the FCRA, 15 U.S.C. § 1681s-2(b)

26. Plaintiff repeats and realleges the foregoing paragraphs as if same were fully restated herein below.

27. At all times pertinent hereto, Furnisher Defendant is a "person" as that term is defined by 15 U.S.C. § 168la(b) and a "furnisher of information" to the credit reporting agencies.

28. Defendant has a duty to provide accurate information to consumer reporting agencies and to correct inaccurate information after receiving notice of a credit dispute directly from a consumer. See 15 U.S.C. § 1681s-2(a).

29. Defendant had an obligation under 15 U.S.C. § 1681s-2(b) to investigate a dispute after receiving notice of the disputed item from Experian.

30. FCRA requires furnishers, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

31. On each occasion referenced in the above statement of facts where a dispute was sent to Experian, upon information and belief, Experian provided Defendant the notice of dispute and all relevant information regarding the dispute(s).

32. Upon information and belief, Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully, reasonably, and in good faith investigate Plaintiff's dispute(s).

33. Defendant failed to correct or remove the inaccurate information from the account and credit report and report those results to all other credit reporting agencies to which the furnisher provided the inaccurate information.

34. Upon information and belief, Defendant's conduct in the instant matter is representative of its normal policies and procedures in responding to disputes by providing only a cursory review of basic information and failing to investigate any further or failing to investigate and remediate any errors entirely.

35. Defendant violated § 1681s-2(b) by willfully failing to fully, properly, and reasonably conduct an investigation of the inaccurate information that Plaintiff disputed.

36. Defendant violated § 1681s-2(b) by willfully failing to review all relevant information concerning Plaintiff's account, as provided.

37. Defendant violated § 1681s-2(b) by willfully failing to report the results of its investigation of the inaccurate information to Experian.

38. Defendant violated § 1681s-2(b) by willfully failing to modify or delete incomplete or inaccurate information or information it could not or did not verify in Plaintiff's file after conducting an investigation.

39. Defendant violated § 1681s-2(b) by willfully failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to Experian.

40. Defendant violated § 1681s-2(b) by willfully failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

41. Alternatively, Furnisher Defendant exhibited reckless disregard and unjustifiably high risk to Plaintiff when it received the FCRA dispute and still failed to conduct a reasonable investigation and correct the credit report.

42. Defendant violated § 1681s-2(b) by negligently failing to review all relevant information concerning Plaintiff's account, as provided.

43. Defendant violated § 1681s-2(b) by negligently failing to report the results of its investigation of the inaccurate information to all credit reporting agencies.

44. Defendant violated § 1681s-2(b) by negligently failing to modify or delete incomplete or inaccurate information or information it could not or did not verify in Plaintiff's file after conducting an investigation.

45. Defendant violated § 1681s-2(b) by negligently failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies.

46. Defendant violated § 1681s-2(b) by negligently failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 16815-2(6).

47. Further, Plaintiff suffered actual damages, further described in the above in statement of facts.

48. Furnisher Defendant is liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

49. Alternatively, Defendant's conduct was negligent, failing to exercise reasonable care when it failed to conduct a reasonable investigation, thereby entitling Plaintiff to recover under 15 U.S.C. § 1681o.

50. For the foregoing reasons, Furnisher Defendant violated 15 U.S.C. § 1681s-2(6) and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined by the Court pursuant to § 1681n and § 1681o.

## JURY DEMAND

51. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- Any other relief that this Court deems just and proper.

Dated October 7, 2024.

Respectfully Submitted,
/s/ Bryanna Lott
3440 SW 63rd Ave
Miramar, FL 33023
(786) 726-0262
Email: bryanna.lott@aol.com

*Bryanna Lott*